UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>FRANCISCO MENDEZ-NUNEZ )<br>SALVADOR GARCIA )<br>FRANCISCO MENDEZ JR. )<br>JAVIER GARCIA )<br>FRANCISCO SOTO )<br>JUAN DURAN )<br>OSCAR ANDRADE )<br>VICTOR VELAZQUEZ )<br>DON MCNISH ) | No. 07 CR 851<br>Hon. Sidney I. Schenkier |

F I L E D
12-20-07
DEC 20 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**GOVERNMENT'S MOTION FOR AN ORDER DIRECTING
THAT CERTAIN MATERIALS BE DISCLOSED TO THE DEFENSE
PURSUANT TO A PROTECTIVE ORDER**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, Eastern Division, hereby moves this Court for an order directing that certain applications, orders, and affidavits be disclosed to the defendants and defense counsel, as contemplated by Title 18, United States Code, Section 2518(9), and in connection with the detention and probable cause hearings in this case, subject to a protective order.

In support of this motion, the government states as follows:

1. On or about December 20, 2007, approximately nine defendants were arrested pursuant to arrest warrants issued in the above-referenced case. The arrests followed an investigation which included the interception of certain wire communications pursuant to orders signed by Chief Judges James F. Holderman in accordance with Title 18, United States Code, Section 2518, on or about August 13, 2007, September 11, 2007, October 9, 2007, and November 8, 2007.

2. Under Title 18, United States Code, § 2518(9), the contents of an intercepted wire or oral communication shall not be disclosed at a hearing unless each party has been provided with a copy of the court order and the accompanying applications and affidavits under which the interception was made. At the present time, those orders, applications, and affidavits are under seal.

3. In accordance with the notice requirements of Section 2518(9), the government

respectfully moves this Court for an order authorizing the government to produce copies of the sealed applications and related orders dated August 13, 2007, September 11, 2007, October 9, 2007, and November 8, 2007 authorizing the interception of wire communications to defendants and their counsel in connection with the preliminary examinations and detention hearings.

4.   In addition, because there are safety concerns related to the cooperating witnesses in this case, and because the investigation in this case is ongoing, the government requests that the Court direct that the release of the applications, affidavits, and court orders, as well as any other reports and investigative materials that may be turned over in connection with the probable cause and detention hearings, be subject to the following conditions: (a) that the materials be used solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding; (b) that the materials shall not be disclosed either directly or indirectly to any person or entity other than defendant, defendant's counsel, persons employed to assist in the defense, or such other persons as to whom the Court may authorize disclosure; (c) that any notes or records of any kind that defendant or defense counsel may make relating to the contents of the materials shall not be disclosed to anyone other than the defendant, defense counsel, and persons employed to assist the defense, or such other person as to whom the Court may authorize disclosure; (d) that any copies of the materials made by defendant or defendant's counsel shall be treated as set forth above; and (e) that violation of this Order may result in the imposition of civil and criminal sanctions.

WHEREFORE, the government respectfully moves this Court for an order directing that certain sealed affidavits, orders and applications dated August 13, 2007, September 11, 2007, October 9, 2007, and November 8, 2007 authorizing the interception of wire and oral communications, be provided to defendants and their defense counsel, as contemplated by Title 18, United States Code, Section 2518(9), subject to the protective order described above, in connection with the probable cause and detention hearings in this case. The government also respectfully moves this Court to order that any other investigative materials and reports that may be turned over in connection with the probable cause and detention hearings in this case subject to the protective order

described above.

                          Respectfully submitted,

                          PATRICK J. FITZGERALD
                          United States Attorney

By:                       

                          MARK E. SCHNEIDER
                          GREG J. DEIS
                          Assistant United States Attorneys
                          219 South Dearborn Street, Suite 500
                          Chicago, Illinois 60604
                          312-353-5356/312-886-7625

Filed: 12/20/07